UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CARTER

      Plaintiff,

v.                                       Civil Case No. 13-14078
                                         Honorable Patrick J. Duggan

MOHAMED ABDULLA,

      Defendant.
_____/

## ORDER TO FILE AMENDED COMPLAINT

John Carter ("Plaintiff") filed this *pro se* action against Mohamed Abdulla on September 24, 2013. Plaintiff seeks leave to proceed *in forma pauperis* and for the U.S. Marshal to effectuate service.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 687, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when

the plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

Claims of fraudulent conduct must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b), a complaint at a minimum must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir.2008) (internal quotation marks and citation omitted).

Although a *pro se* plaintiff is held to a less stringent pleading standard than a party represented by counsel, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), his or her complaint must meet some minimum standards.  *Id.* at 521, 92 S. Ct. at 596.  The Court is not required to "guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (1989).  Plaintiff's Complaint does not meet the minimum standards required under Rules 8 or 9(b).

For example, Plaintiff's Complaint fails to identify a basis for this Court to exercise subject matter jurisdiction.  According to the pleading, Plaintiff and

Defendant are both Michigan citizens. *See* 28 U.S.C. § 1332 (providing for federal court jurisdiction where the matter in controversy exceeds $75,000 and is between *inter alia* citizens of different states). Plaintiff refers to two federal statutes in his Complaint, 26 U.S.C. § 7623 and 31 U.S.C. § 3729; however, neither statute appears applicable here.[1] *See* 28 U.S.C. § 1331 (providing for federal court jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"). Plaintiff's Complaint also is devoid of factual content to state with particularity his apparent claim of fraud.

Therefore, **within fourteen (14) days** of this Order, Plaintiff shall file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 9 or this action will be dismissed without prejudice.

**SO ORDERED**.

Date: September 25, 2013   s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
John Carter
12273 Moran Street
Detroit, MI 48212

---

[1] 26 U.S.C. § 7623 relates to expenses of detection of underpayments and fraud with respect to the internal revenue laws. 31 U.S.C. § 3729, the False Claims Act, creates civil liability for any person who "knowingly presents, or causes to be presented" to the government "a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1) (2006). A lawsuit under the False Claims Act may be filed directly by the government or as a *qui tam* action in which the government may intervene. Id. § 3730.